FERREN, Associate Judge,
concurring:
I join in the majority opinion but write separately to supply a little more analysis of why appellant waived her jurisdictional argument.
In this case, the father sought to modify custody not only as to the daughter, Jennifer, living in the District, for whom he was the noncustodial parent, but also as to the son, Joshua, living in New Jersey, for whom he was the custodial parent. The mother also affirmatively invoked the Superior Court’s jurisdiction as to both children. We therefore confront the question whether the parties properly waived any jurisdictional limitation that otherwise might have confined jurisdiction over Joshua’s custody to the courts of New Jersey, his “home state.”[1]
Waiver of jurisdiction is a complicated issue that depends on the type of jurisdiction involved. There are two species of jurisdiction over the subject matter. The first — the one commonly meant when referring to “subject matter jurisdiction” — concerns the “competence” of the court to adjudicate a particular kind of controversy; e.g., divorce or child custody. See Restatement (Second) of Judgments § 11 (1982) (“A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.”); see id. cmt. a; People v. Jackson, 150 Cal.App.3d Supp. 1, 198 Cal.Rptr. 135, 136-39 (1983).
The second species is called “territorial jurisdiction,” which requires the court to *81 have a geographical relationship to a particular “thing” or “status,” see Restatement (Second) of Judgments § 11 cmt. b, in addition to the competence to adjudicate the type of claim at issue; e.g., jurisdiction over custody where the child is domiciled.[2]
Territorial jurisdiction often combines aspects of classic subject matter jurisdiction {e.g., a status such as child custody) with those of in personam jurisdiction {e.g., a particular parent’s custody of a particular child). When it concerns adjudications as to persons rather than things, however, territorial jurisdiction is not “simply a subcategory of in personam jurisdiction,” id. § 7 cmt. b, because in adjudicating a person’s status, for example, the court occasionally may have a territorial reach, beyond its own borders, that exceeds the reach normally associated with jurisdiction over the person; e.g., jurisdiction over a so-called “migratory divorce,” or over a modification of child custody where the parent or the child is not personally before the court. See id.
Subject matter jurisdiction, as such, cannot be waived and may be raised even after trial or on appeal. See King v. Kidd, Nos. 90-CV-1621, 91-CV-283, Slip op. at 9-10, 1993 WL 326062 (D.C. Aug. 26, 1993); Restatement (Second) of Judgments § 11 cmt. d. Territorial jurisdiction, however, is waivable; in fact, any challenge on that ground must be raised at the outset of the action. See id.; Williams v. Williams, 556 N.E.2d 142, 144 (Ind.1990) (“Once a court possesses subject matter jurisdiction to consider the general class or kind of case, its specific jurisdiction over a particular case within the general class is subject to waiver.”).
On the facts here, the Superior Court had subject matter jurisdiction over the divorce decree incorporating the parents’ separation agreement, including its custody provisions as to both Jennifer and Joshua, since the parents had personally appeared and the court had jurisdiction to consider that “general class or kind of ease.” Id. Furthermore, as the majority opinion makes clear, the parties waived any territorial limitation on that jurisdiction — specifically as to custody of Joshua, whose “home state” was New Jersey — that otherwise might have precluded the Superior Court from acting as to both children.
But for the parents’ waiver of territorial limits on jurisdiction as to Joshua’s custody imposed by the PKPA and the UCCJA, see supra note 1, this ease would have presented a very complicated jurisdictional question of the Superior Court’s authority to modify custody as to both children with two different “home states.” Suppose, for example, that the father had come to the District to seek modification of Jennifer’s custody, the mother had filed a cross-motion to modify custody of Joshua living in New Jersey, and the father had opposed the cross-motion on jurisdictional grounds under the PKPA and the UCCJA. That would have created a difficult and interesting case — which must await another day.

. Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A(b)(4) (1991); Uniform Child Custody Jurisdiction Act (UCCJA), D.C.Code § 16-4502(5) (1989).

. Territorial jurisdiction is to be distinguished from venue. The former concept incorporates "rules determining whether a state may adjudicate a matter at all, while the latter [incorporates] rules determining which court within the state is the proper forum.” Restatement (Second) of Judgments § 4 cmt. h (1982).